867 P.2d 953

Mary J. BUTTERS and James S. MacDonald, Petitioners–Respondents on Appeal,

v.

Robert G. HAUSER, Respondent–Appellant on Appeal,

and

James E. and Sheron L. Givan, and Latah County, acting by and through the Board of Latah County Commissioners, and County Commissioners Dana Magnuson, Thomas Spangler and Nancy Johansen, Respondents.

Mary J. BUTTERS and James S. MacDonald, Petitioners–Respondents on Appeal,

v.

Robert G. HAUSER and James E. and Sheron L. Givan and Latah County acting by and through the Board of Latah County Commissioners Dana Magnuson, Mark Solomon, and Nancy Johansen, Respondents,

and

Board Of Latah County Commissioners, Respondent–Appellant on Appeal.

Nos. 20078, 20087.

Supreme Court of Idaho, North Idaho, October 1993 Term.

Dec. 29, 1993.

Bielenberg, Anderson & Walker, Moscow, for appellant Hauser. John W. Walker, argued.

Douglas W. Whitney, Deputy Pros. Atty., Moscow, argued, for appellant Bd. of Latah County Com'rs.

John H. Bradbury, Kamiah, for respondents.

BISTLINE, Justice.

## BACKGROUND AND PRIOR PROCEEDINGS

In 1990 Robert Hauser applied for a conditional use permit to erect a radio transmission tower on a ridge top southeast of Moscow, Idaho, in Latah County. The Latah County Planning and Zoning Commission granted the permit. Thereafter, two nearby property owners, Mary Butters and James MacDonald, on their own behalf, and also on behalf of other nearby property owners who had signed a petition (hereinafter Butters), appealed that decision to the Board of Latah County Commissioners (hereinafter the Board). The Board confirmed the grant of the permit; the property owners appealed to the district court. The district court reversed the Board, concluding that the evidence was insufficient to support the Board's finding that the radio tower would provide an essential service to the community and would enhance the surrounding area. Recognizing that the Board could not issue a conditional use permit, the district court remanded the case to the Board for action consistent with its order. Hauser and the Board of Commissioners (hereinafter Hauser) have appealed from the district court's order, and they raise the following issues on appeal:

1) Did the district court err in ruling that the evidence was insufficient to support the Board's finding that the development would provide an essential service to the community or region, thus enhancing the surrounding area in its basic community functions?

2) Is the district court decision and Section 13.10.04D of the Latah County zoning ordinance preempted by the Supremacy Clause of Article VI of the United States Constitution and do they violate Hauser's and the public's rights guaranteed by the First Amendment to the United States Constitution and the Communications Act of 1934?

3) Did the district court err by staying and refusing to remand proceedings before the Board of Commissioners?

4) Did Butters fail to properly serve all interested and indispensable parties?

## ANALYSIS

### Standard of Review

■ The standard this Court applies in reviewing agency decisions is set forth in I.C. § 67–5215(g). In short, this Court independently examines whether the Board's findings and conclusions were supported by substantial, competent evidence.

## I.

**THERE IS SUBSTANTIAL COMPETENT EVIDENCE TO SUPPORT THE DISTRICT COURT'S DETERMINATION THAT THE BOARD'S FINDING 5 AND CONCLUSION 4 WERE CLEARLY ERRONEOUS**

■ At the heart of this case are factual matters: whether Hauser's proposed transmission tower would serve local and regional economic needs, and whether it would enhance basic community functions or provide an essential service. The district court held that the Board's Finding 5 and Conclusion 4, regarding these matters, were clearly erroneous. We now turn to an examination of the district court's opinion to determine whether it is supported by the record.

Latah County Zoning Ordinance Section 3.03 *et. seq.* authorizes the issuance of conditional use permits. Section 13.10.04 sets forth with particularity the criteria which must be met before a conditional use permit may be authorized. Among these conditions is the requirement of Criterion D:

That the proposed development will enhance the successful operation of the surrounding area in its basic community functions or will provide an essential service to the community or region.

Thus, an applicant must demonstrate either enhancement of community functions or provision of essential services.

The Board's Finding 5 reads:

The proposed use will serve local and regional economic needs by adding an additional vehicle for commercial advertising, employment for construction and operation of the station, and programming which includes agricultural news and market information and public service broadcasts, as required by the F.C.C., thus providing beneficial radio broadcast services to the community and the region.

Finding 5, stating that the facility will provide a *beneficial* service to the community, is insufficient to support the requirement of Criterion D, *i.e.*, that the facility provide an *essential* service. We find no evidence in the record to support the Board's statement in Finding 5 that the facility would serve local and regional economic needs.

We agree with the district court that the Board's Conclusion 4 is not supported by any evidence. Conclusion 4 reads:

The proposed use will enhance the successful operation of the surrounding area in its basic community functions or will provide an essential service to the community or region.

The district court determined that there was no evidence demonstrating that the proposed radio tower would serve local and regional economic needs. Hauser was seeking a conditional use permit in order to be able to emit a stronger signal from his already existing radio station in Colfax, Washington, yet the district court found that he presented absolutely no evidence that a stronger signal would in any way stimulate the local economy. The district court also found that Hauser did not present evidence establishing that the employment opportunities, or the advertising services which he could offer, would serve local or regional needs. On the contrary, the evidence shows that the region is already saturated with radio coverage and advertising availability, and that very few people, if any, would gain employment through this radio tower except temporarily during its construction.

We also agree with the district court's conclusion that there was not substantial and competent evidence that the proposed tower would enhance the surrounding area. Instead, there was a great deal of evidence presented by Butters concerning potential health problems caused by transmission towers. Because of its increased transmitting

capacity, if anything, the tower might provide additional service to faraway areas, but there was no evidence that it will offer any additional broadcast services to nearby residents since they are already hearing the programs which will be broadcast. One commissioner concluded that the tower would "basically serve Colfax and Whitman counties" and create a "hazard" in Latah County.

The absence of sufficient evidence showing that the proposed radio tower will provide an essential service to the community, or, that it will enhance the surrounding area in its basic community functions establishes the verity of the district court's conclusion, that the Board's findings to the contrary are clearly erroneous.

## II.

### THE ADDITIONAL ISSUES RAISED ON APPEAL ARE WITHOUT MERIT

Taking in turn the issues which Hauser raises for the first time on appeal, we conclude that they are all without merit.

#### A. The Constitutional Argument

Because Hauser did not raise his constitutional argument before the Board of Commissioners, we decline to address this argument on appeal. It is axiomatic that an issue not raised below will not be considered for the first time by this Court. *Balser v. Kootenai Cty. Bd. of Com'rs.*, 110 Idaho 37, 714 P.2d 6 (1986).

#### B. The District Court's Stay

Because no procedural errors were alleged in the hearings below, the district court properly stayed further proceedings before the Commission. As the district court correctly noted, its memorandum opinion and order *reversed* the Commission's decision to grant Hauser a conditional use permit. The court's order remanded the matter to the Commission only so that it could deny the CPU since a court may not. Although a court may remand a matter to an agency for further fact-finding, it is not required to do so. Hauser and the Board of County Commissioners had their day in court and are not entitled to present additional evidence at a subsequent hearing before the Board. In spite of Hauser's contention, neither I.C. § 67–6519 nor I.C. § 67–5215 operate to mandate such a result.

#### C. Service of Process

Hauser's contention that Butters failed to serve all interested and indispensable parties is incorrect. All parties were properly served under I.R.C.P. 83(c) and I.A.R. 20.

## III.

### CONCLUSION

For all the above reasons, we affirm the decision of the district court in its entirety. This matter is remanded to the Board of Latah County Commissioners as per the order of the district court. No attorney fees; costs on appeal to Butters.

McDEVITT, C.J., and JOHNSON, TROUT and SILAK, JJ. concur.