915 P.2d 709

**John HOWARD, Petitioner–Appellant on Appeal,**

v.

**CANYON COUNTY BOARD OF COMMISSIONERS, Respondent–Respondent on Appeal.**

No. 21879.

Supreme Court of Idaho,
Boise, February 1996 Term.

April 19, 1996.

Eberle, Berlin, Kading, Turnbow & McKlveen, Chtd., Boise, for appellant. Warren E. Jones argued.

David L. Young, Canyon County Prosecutor; Charles L. Saari, Deputy Prosecutor, Caldwell, for respondent. Charles L. Saari argued.

SILAK, Justice.

John Howard (Howard) petitioned the Canyon County Planning and Zoning Commission (the Planning and Zoning Commission) for a conditional use permit to place a residential subdivision on 28 acres of land zoned agricultural. The Planning and Zoning Commission and, on appeal, the Canyon County Board of Commissioners (the Commissioners) denied the petition because Howard's proposed use would adversely impact the area's agricultural character. Howard

**480**

appealed arguing that he had satisfied all conditions and requirements for a conditional use permit and therefore the Commissioners lacked the authority to deny his permit. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Howard owns approximately 78 acres of land in an area of Canyon County zoned agricultural. Howard petitioned the Planning and Zoning Commission for a conditional use permit to use 28 acres for a residential subdivision. The Planning and Zoning Commission viewed the site of the proposed subdivision and denied Howard's petition finding that the planned use would adversely impact the agricultural character of the area.

Howard appealed to the Commissioners. He presented evidence that the land in question was unsuitable for agricultural use, that the Nampa Highway District found no traffic problems which would result from the proposed subdivision, and that the fire district believed the subdivision would increase available water for adjacent subdivisions. At the public hearing, a number of interested property owners expressed various objections to Howard's planned use. The Commissioners denied the permit because (1) the subdivision would require the relocation of a main irrigation line, (2) two other subdivisions to the north were almost totally vacant, (3) the subdivision would add problems to the current traffic system, (4) no evidence was presented that the use would be essential or desirable to the public welfare or convenience, and (5) the subdivision would cumulatively change the character of the area in conflict with the Canyon County Comprehensive Plan (the Comprehensive Plan).

Howard appealed to the district court. The district court found that the record did not support a denial of the permit because of traffic concerns or the relocation of a main irrigation line. However, the court found that substantial evidence supported the Commissioners' conclusion that Howard's proposed subdivision would substantially and adversely affect the agricultural character of the area. As a result, it affirmed the Commissioners' denial of Howard's petition for a conditional use permit.

Howard appealed.

## II.

### ISSUES ON APPEAL

1. Whether the Commissioners erred in denying issuance of Howard's conditional use permit.

2. Whether the Planning and Zoning Commission and the Commissioners have authority to deny a conditional use permit, expressly recognized in the Comprehensive Plan, when all reasonable conditions and restrictions upon such use have been satisfied by an applicant for a conditional use permit.

## III.

### STANDARD OF REVIEW

■■■ In a case such as this, the Idaho Supreme Court reviews the record independently of the district court's appellate decision. *South Fork Coalition v. Bd. of Comm'rs,* 117 Idaho 857, 860, 792 P.2d 882, 885 (1990). Nonetheless, this Court's review is limited to a determination whether the zoning authority's findings and conclusions are supported by substantial, competent evidence. I.C. § 67–5279; *Butters v. Hauser,* 125 Idaho 79, 81, 867 P.2d 953, 955 (1993). In addition, there is a strong presumption of validity favoring the actions of zoning authorities when applying and interpreting their own zoning ordinances. *South Fork Coalition,* 117 Idaho at 860, 792 P.2d at 885.

## IV.

### ANALYSIS

A. **The Commissioners Did Not Err in Denying Howard's Petition for a Conditional Use Permit.**

■■■ Howard asserts that his petition satisfies all reasonable conditions and restrictions for the issuance of a conditional use permit. As such, he argues that the Com-

missioners must issue him a conditional use permit. We disagree.

Pursuant to the Local Land Use Planning Act of 1975, I.C. § 67–6501, *et seq.*, Canyon County adopted the Comprehensive Plan and the Canyon County Zoning Ordinance No. 93–002 (the Ordinance). The Ordinance states:

> The purpose of the "A" (Agricultural) Zone is to have productive agricultural land areas set aside by zoning procedures. Productive and economically viable agricultural lands shall be preserved and protected in accordance with the Comprehensive Plan. Development compatible with agricultural uses may be permitted only in strict compliance with the ... other provisions of this Ordinance and the Comprehensive Plan. Where the Commission and/or Board is satisfied that land is not suited for reasonable functioning agricultural uses because of size or other factors, ... the Commission and/or Board may permit uses compatible to bona fide agricultural uses ... when not in conflict with the Comprehensive Plan.

Ordinance, Section 12.3(A). In the case of petitions for a parcel split such as Howard's, the Commission "may ... permit the ... uses where such uses are deemed essential or desirable to the public convenience or welfare." Ordinance, Section 12.3(C).

When deciding whether to grant a conditional use permit, the Ordinance requires the Commissioners to consider:

(1) Whether the Ordinance permits the use by Conditional Use Permit;

(2) Reasons for the application;

(3) Whether the proposed use is harmonious with and in accordance with the Comprehensive Plan.

(4) Whether the proposed use will be injurious to other property in the immediate vicinity and/or will change the essential character of the area;

(5) Whether adequate sewer, water and drainage facilities, and utility systems are to be provided to accommodate said use;

(6) Whether measures will be taken to provide adequate access to and from subject property so that there will be no undue interference with existing or future traffic patterns;

(7) Whether essential public services such as, but not limited to, school facilities, police and fire protection, emergency medical services and irrigation facilities, will be negatively impacted by such use or will require additional public funding in order to meet the needs created by the requested change.

(8) Whether the proposed use is essential or desirable to the public convenience or welfare.

Ordinance, Section 6.1(F).

Further, the Ordinance states that "the person or persons requesting relief under the Zoning Ordinance shall have the burden of persuasion." Ordinance, Section 3.5(A)(8). Thus, the burden of persuasion was upon Howard to show that all of the above requirements were satisfied. After a public hearing, the Commissioners concluded that Howard's use would not be desirable of the public welfare or convenience and the additional lots would cumulatively change the character of the area in conflict with the Comprehensive Plan. We agree.

Howard does not dispute that the area surrounding his land has a pervasively agricultural character. Rather, he argues that his use is compatible with this agricultural character. Indeed, a residential area may be compatible with an existing agricultural use and the Ordinance recognizes this fact. Ordinance, Section 12.3(A), (C). However, the recognition of this fact does not lead to the conclusion that every proposal to build a residential development in an agricultural area must be granted. As the above mentioned criteria indicate, whether to grant a conditional use permit is fact specific. One or two residential areas in an agricultural zone may have only a de minimis effect, but a third development may cumulatively affect the overall character of the area. The Commissioners found that to be the case here.

By his permit, Howard attempts to change the use of approximately a third of his land from agricultural to residential in an area with a pervasive agricultural character.

Howard's proposed use would be the third residential subdivision in that area. In addition, the preliminary plat for Howard's subdivision shows that the subdivision is to be built in the middle of his 78 acre property, thus splitting the remaining agricultural area of the land in half. The Commissioners' conclusion that approval of such use would cumulatively change the agricultural character of the area is not clearly erroneous.

Moreover, we also affirm the decision that Howard's proposal is in conflict with the Comprehensive Plan. The Comprehensive Plan explicitly seeks to "relieve farm areas of the adverse effects of scattered nonfarm uses" and "eliminate divisions of agriculture parcels for purposes other than bona fide agricultural activities." Comprehensive Plan, pgs. 18–19. Substantial and competent evidence supports the Commissioners' conclusion that approval of Howard's subdivision in the middle of a large agricultural tract would be the "scattered nonfarm" use prohibited by the Comprehensive Plan and would cumulatively affect the area's character in conflict with the Comprehensive Plan.

Finally, we also note that no evidence was presented before the Commission that Howard's use was essential or desirable to the public convenience or welfare. Howard cites authorities from other jurisdictions for the proposition that the challengers to a proposed use bear the burden of proving that the use is violative of the general welfare. This argument lacks merit. The Ordinance specifically places the burden of persuasion upon the applicant to prove that all conditions, including whether the proposed use is essential or desirable to the public welfare, are satisfied. Ordinance, Section 3.5(A)(8). Howard's failure to present any evidence in this regard is further grounds for the denial of his conditional use permit.

Thus, we conclude that Howard has failed to carry his burden of showing that all the conditions for the issuance of a conditional use permit have been met. Accordingly, we affirm the Commissioners' denial of Howard's petition for a conditional use permit.

**B. Because Howard Failed to Satisfy All Requirements For the Issuance of a Conditional Use Permit, We Do Not Address Whether Zoning Authorities Have Authority to Deny a Conditional Use Permit When All Requirements for Its Issuance Have Been Satisfied.**

Howard argues that since the Ordinance specifically allows the granting of conditional use permits in agricultural zones, it is tantamount to a legislative approval of such conditional use and the Canyon County zoning authorities have no discretion to deny the conditional use when the conditions for such use are met. However, because we find that Howard's petition did not meet all the requirements for the issuance of a conditional use permit, we do not address Howard's contention that had he met all such conditions the Commissioners would have lacked the authority to deny his petition.

**V.**

**CONCLUSION**

The Ordinance places the burden of persuasion upon an applicant to prove that all conditions for the granting of a permit have been satisfied, including proof that the proposed use is consistent with the Comprehensive Plan, that the use will not change the essential character of the area, and that the use is essential or desirable to the public convenience or welfare. Howard has failed to carry his burden in this regard and we affirm the Commissioners' denial of his conditional use permit.

Costs on appeal to respondent.

McDEVITT, C.J., and JOHNSON, TROUT and SCHROEDER, JJ., concur.