981 P.2d 1146

The LAMAR CORPORATION, a Louisiana corporation, successor-in-interest to Northwest Outdoor Advertising, L.L.C., an Idaho limited liability company, d/b/a Idaho Outdoor Advertising, successor-in-interest to Kunz & Company, a California corporation d/b/a Idaho Outdoor Advertising, Petitioner–Respondent–Cross Appellant,

v.

The CITY OF TWIN FALLS, an Idaho municipal corporation, and the City Council of the City of Twin Falls, Respondents–Appellants–Cross Respondents.

No. 24304.

Supreme Court of Idaho, Twin Falls, March 1999 Term.

June 11, 1999.

Wonderlich & Wakefield, Twin Falls, for appellants. Jacqueline S. Wakefield argued.

Hepworth, Lezamiz & Hohnhorst, Twin Falls, for respondents. John C. Hohnhorst argued.

KIDWELL, Justice.

The City Council of the City of Twin Falls (City Council) and City of Twin Falls (collectively, City) appeal a decision of the district court reversing a zoning decision of the City Council. The City Council had denied the application of Idaho Outdoor Advertising[1] (Idaho Outdoor) for a special use permit to erect a billboard. The district court reversed, ruling that the Twin Falls zoning ordinance unconstitutionally limited commercial speech. The City also appeals the district court's denial of its request to delete certain materials from the transcript and record on appeal. Idaho Outdoor cross-appeals the district court's decision that sufficient evidence supported the City's action, as well as the district court's denial of its motion for attorney fees. The decision of the district court is affirmed in part and reversed in part.

## I.

### FACTS AND PROCEDURAL HISTORY

The City of Twin Falls has adopted a Comprehensive Plan to guide future development. The Comprehensive Plan identifies Addison Avenue as an "entryway corridor" into the city and states goals that include "promot[ing] and encourag[ing] aesthetically pleasing approaches to the City" and "[e]ncourag[ing] area beautification through sign design that enhances the community."

The Twin Falls Zoning Code (TFZC) regulates signs in conformance with the City's Comprehensive Plan and its Building Code. Billboards are allowed only by special use permit. In order to issue a permit, the Planning and Zoning Commission (P & Z) must find that the billboards, in addition to meeting measurable size, height, and spacing requirements, meet six additional criteria listed in TFZC § 10–9–2(M)(4)(c) relating to traffic safety and visual impact.

In March 1995, Idaho Outdoor applied for a special use permit to erect a twelve by twenty-four foot, illuminated, double-faced billboard at 468 Addison Avenue West. P & Z held a hearing on the application the following month. Planning and Zoning staff (staff) recommended that the permit be denied, or, in the alternative, that a permit be issued subject to the condition that Idaho Outdoor remove two nonconforming billboards several hundred yards away. By a 5–2 vote, P & Z granted the special use permit conditioned on the removal of two other billboards.

Idaho Outdoor appealed to the City Council. The City Council initially voted 4–3 to deny the special use permit. Later, the City Council upheld P & Z's decision to issue a special use permit conditioned on the removal of the two nonconforming billboards.

Idaho Outdoor appealed the permit denial to the district court (first district court proceeding). In July 1996, the district court reversed the City Council's decision and remanded for new hearings. Citing *Nollan v. California Coastal Comm'n*, 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987), it held that any conditions on the special use permit must relate to the same property or the same billboard for which the permit was sought.

P & Z held a new hearing in September 1996. Staff used overhead projections to review the request from a planning and zoning perspective. Although finding that the area had many signs related to on-site businesses, P & Z members noted that the proposed billboard was larger than existing signs and not harmonious to the area. P & Z voted 5–1 to deny the special use permit.

Idaho Outdoor appealed to the City Council. At the hearing, staff showed pictures of the site and an Idaho Outdoor executive circulated competing computer-generated photographs. Two speakers representing Idaho

---

1. Kunz & Company, doing business as Idaho Outdoor Advertising, initially applied for the special use permit. Northwest Outdoor Advertising, and later the Lamar Corporation, have been successors in interest to Idaho Outdoor. This opinion refers to the respondent company throughout as Idaho Outdoor.

Outdoor suggested that nearby on-site signs, as well as a building across the street, were taller than the proposed billboard. Two neighbors spoke against the proposed billboard, opposing it on the basis of visual blight, size, and potentially lowering property values. One specifically noted the visual effect at an entrance to the city.

Affirming P & Z's action, the City Council unanimously voted to deny the permit on the basis that it did not meet the visual impact requirements of TFZC § 10–9–2(M)(4)(c). The City Council found:

> The proposed sign will be twenty-two (22) to twenty-four (24) feet in height and twenty-four (24) feet in width, in an area where there are low level single story buildings and very few projections above the building lines. The proposed sign would stand out high above the existing skyline on property with only 106 feet of frontage on Addison Avenue West.

It concluded:

> The sign is not compatible with building heights of the existing neighborhood and imposes a foreign and inharmonious element to the existing skyline. In addition, the proposed sign is inconsistent with the adopted Comprehensive Plan regarding gateway arterials.

Idaho Outdoor appealed to the district court (second district court proceeding). In October 1997, the district court reversed the City Council's decision and ordered the City to issue a special use permit. Although holding that there was sufficient evidence to support the City Council's findings of fact and that the City Council's denial of the special use permit was not arbitrary, capricious, or an abuse of discretion, the district court concluded that TFZC § 10–9–2(M)(4)(c) "contain[ed] insufficient objective and definite standards to guide the licensing authority in its decision" and thus was an unconstitutional prior restraint on commercial speech. The district court denied attorney fees to Idaho Outdoor.

The City appealed and Idaho Outdoor cross-appealed. In its notice of cross-appeal, Idaho Outdoor requested that the transcript and record include enumerated materials before the district court in the first district court proceeding. The City moved the district court to delete materials relating to the first district court proceeding. The district court denied the City's request.

## II.

## STANDARD OF REVIEW

The district court reviewed the City Council's permit denial in its appellate capacity pursuant to I.C. §§ 67–5279 and 67–6521(1)(d). This Court reviews the record independently of the district court's decision made in its appellate capacity. *Howard v. Canyon County Bd. of Comm'rs*, 128 Idaho 479, 480, 915 P.2d 709, 710 (1996). We defer to the City Council's findings of fact unless those findings are clearly erroneous and unsupported by evidence in the record. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998). We may not substitute our judgment for that of the City Council as to the weight of the evidence on factual matters. I.C. § 67–5279(1).

A strong presumption of validity favors the actions of zoning authorities when applying and interpreting their own zoning ordinances. *Howard*, 128 Idaho at 480, 915 P.2d at 710. However, the City Council's zoning decision may be set aside if it (a) violates constitutional or statutory provisions; (b) exceeds the City Council's statutory authority; (c) is made upon unlawful procedure; (d) is not supported by substantial evidence on the record as a whole; or (e) is arbitrary, capricious, or an abuse of discretion. I.C. § 67–5279(3). Even if the City Council erred as above, this Court will affirm its action unless a substantial right of Idaho Outdoor has been prejudiced. I.C. § 67–5279(4).

## III.

## ANALYSIS

**A. The District Court Acted Within Its Discretion in Denying the City's Request to Delete Documents from the Record on Appeal.**

As a preliminary matter, we consider a procedural issue regarding the proper com-

position of the record and transcript on appeal. In its notice of cross-appeal, Idaho Outdoor requested a reporter's transcript of oral argument in the first district court proceeding, as well as documents relating to that proceeding. Pursuant to I.A.R. 29(a), the City objected to the inclusion of these documents. The district court overruled the City's objection and denied the request for deletion. The City appeals the denial, contending that the disputed items contained material that was not the subject matter of this appeal.

The reporter's transcript contains those portions of the record designated by the parties. I.A.R. 25. The clerk's record contains, in addition to materials automatically included pursuant to I.A.R. 28(a), "all additional documents requested by any party." I.A.R. 28(b). After the clerk of the court serves the parties with the transcript and record, the parties have 21 days in which to file objections, including requests for corrections, additions, or deletions. I.A.R. 29(a). After a hearing, the district court must make a determination and settle the record. I.A.R. 29(a).

 When reviewing a district court's decision settling the record and transcript pursuant to I.A.R. 29(a), this Court applies an abuse of discretion standard. *See Aker v. Aker*, 52 Idaho 50, 56–57, 11 P.2d 372, 375 (1932) (stating that settling a transcript "is a matter resting entirely in [the] discretion" of the judge who heard the case). In determining whether a district court has abused its discretion, this Court asks (1) whether the district court correctly perceived the issue as one of discretion; (2) whether it acted within the outer boundaries of its discretion and consistent with applicable legal standards; and (3) whether it reached its decision by an exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Here the district court gave alternative reasons for denying the City's request for deletion. First, it suggested that inclusion was mandated by the "shall also include" language of I.A.R. 28(b) for documents in the clerk's record, and the "shall contain" language of I.A.R. 25(c) for the reporter's transcript. However, the district court also reasoned:

[T]he Supreme Court has the determination as to what information in the record it will consider as relevant. However, the Supreme Court cannot consider items outside of the record on appeal. (Citation omitted.) Because of this, judicial economy would dictate that it is better to include an item that the Supreme Court is free not to consider than to wrongly strike it and go through the additional process of augmentation.

We concur with the reasoning in this alternative holding. The district court properly exercised its discretion in denying the City's request for deletion.

Therefore, we affirm the district court's order denying the City's request for deletion.

**B. The Permit Requirement of Twin Falls Zoning Code § 10–9–2(M)(4)(c) Is Not an Unconstitutional Prior Restraint on Commercial Free Speech.**

A court may set aside a zoning decision if it concludes that the decision violates constitutional provisions. I.C. § 67–5279(3)(a). The City Council denied Idaho Outdoor a special use permit, finding that the proposed billboard violated TFZC § 10–9–2(M)(4)(c)(5) because it was not compatible with building heights in the existing neighborhood and it imposed a foreign or inharmonious element to the existing skyline. The district court reversed, holding that TFZC § 10–9–2(M)(4)(c) "contain[ed] insufficient objective and definite standards to guide the licensing authority in its decision" and was therefore an unconstitutional prior restraint on commercial speech in violation of the First Amendment.

 Billboard advertising is a form of commercial free speech protected under the First Amendment. *See Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 501, 101 S.Ct. 2882, 2889, 69 L.Ed.2d 800, 810–11 (1981). When a medium is used for speech or expression, even content-neutral governmental restrictions on the medium are analyzed for their impact on the potential exer-

cise of First Amendment rights. *See City of Ladue v. Gilleo,* 512 U.S. 43, 48, 53, 114 S.Ct. 2038, 2041, 2044, 129 L.Ed.2d 36, 42, 46 (1994); *City of Lakewood v. Plain Dealer Publ'g Co.,* 486 U.S. 750, 769, 108 S.Ct. 2138, 2150, 100 L.Ed.2d 771, 790–91 (1988). As the U.S. Supreme Court has explained:

> Billboards ... combine communicative and noncommunicative aspects. As with other media, the government has legitimate interests in controlling the noncommunicative aspects of the medium ... but the First and Fourteenth Amendments foreclose a similar interest in controlling the communicative aspects. Because regulation of the noncommunicative aspects of a medium often impinges to some degree on the communicative aspects, it has been necessary for the courts to reconcile the government's regulatory interests with the individual's right to expression.

*Metromedia,* 453 U.S. at 502, 101 S.Ct. at 2890, 69 L.Ed.2d at 811.

▇▇▇ Governments may regulate commercial speech to implement a substantial governmental interest if the regulation directly advances that interest and reaches no further than necessary to accomplish the given objective. *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n,* 447 U.S. 557, 564, 100 S.Ct. 2343, 2350, 65 L.Ed.2d 341, 349–50 (1980). A city's appearance is a substantial government interest, *Metromedia,* 453 U.S. at 507–08, 101 S.Ct. at 2892–93, 69 L.Ed.2d at 814–15, and cities may enact zoning ordinances to preserve aesthetics. *Sprenger, Grubb & Assoc. v. City of Hailey,* 127 Idaho 576, 584, 903 P.2d 741, 749 (1995). A city may regulate the construction and placement of billboards for the purpose of preserving aesthetics even though aesthetic judgments are "necessarily subjective." *Metromedia,* 453 U.S. at 510, 101 S.Ct. at 2893–94, 69 L.Ed.2d at 816–17. *See also Ackerley Communications of the Northwest Inc. v. Krochalis,* 108 F.3d 1095, 1098–99 (9th Cir. 1997). In addition, cities may place restrictions on billboards even if they permit identical on-site commercial advertising. *Metromedia,* 453 U.S. at 511, 101 S.Ct. at 2893–94, 69 L.Ed.2d at 817.

▇▇▇ Any restrictions placed on billboards, like all ordinances "subjecting the exercise of First Amendment freedoms to the prior restraint of a license," must have "narrow, objective, and definite standards to guide the licensing authority." *Shuttlesworth v. City of Birmingham,* 394 U.S. 147, 150–51, 89 S.Ct. 935, 938–39, 22 L.Ed.2d 162, 166–67 (1969). The regulations must be narrowly drawn so that zoning officials do not have "unbridled discretion" to permit or deny the exercise of First Amendment rights. *City of Lakewood,* 486 U.S. at 755, 108 S.Ct. at 2142–43, 100 L.Ed.2d at 781. *See also Desert Outdoor Advertising, Inc. v. City of Moreno Valley,* 103 F.3d 814, 818 (9th Cir. 1996).

▇▇▇ Idaho Outdoor contends that TFZC § 10–9–2(M)(4)(c) provides no objective criteria to curb the discretion of zoning officials. In particular, it contends that "foreign or inharmonious element" is inherently subjective and ambiguous. It finds this case "startlingly similar" to *Desert Outdoor Advertising,* where the Ninth Circuit struck down the City of Moreno Valley's permit requirement because it contained "no limits on the authority of City officials to deny a permit." *Desert Outdoor Advertising,* 103 F.3d at 819. We do not find this case similar.

In *Desert Outdoor Advertising,* Moreno Valley city officials enacted zoning ordinances regulating billboards to improve community aesthetics. As in Twin Falls, billboards could not be erected until city officials issued a conditional use permit. *Id.* at 817. Along with locational and structural considerations, Moreno Valley officials had to make findings of fact that

> such a display will not have a harmful effect upon the health or welfare of the general public and will not be detrimental to the welfare of the general public and will not be detrimental to the aesthetic quality of the community or the surrounding land uses.

*Id.* at 817.

There is little similarity between the general standards promulgated by the Moreno Valley ordinance and the narrowly tailored standards of TFZC § 10–9–2(M)(4)(c). The Moreno Valley standards, such as "detrimental to the aesthetic quality of the communi-

ty," are even broader than the deliberately general standards promulgated by the City in its Comprehensive Plan (e.g., "[p]romote and encourage aesthetically pleasing approaches to the city."). They stand in sharp contrast to the specific findings required by TFZC § 10–9–2(M)(4)(c):

(1) That the location and placement of the sign will not endanger motorists. . . .

(2) That the sign will not cover or blanket any prominent view of a structure or facade of historical or architectural significance.

(3) That the sign will not obstruct views of users of adjacent buildings to side yards, front yards or to open space.

(4) That the sign will not . . . negatively impact the visual quality of a public open space as a public recreation facility, square, plaza, courtyard and the like.

(5) That the sign is compatible with building heights of the existing neighborhood and does not impose a foreign or inharmonious element to an existing skyline.

(6) That the sign's lighting will not cause hazardous or unsafe driving conditions for motorists. . . .

When interpreting statutes or ordinances, this Court construes words and phrases according to context. *Grand Canyon Dories v. Idaho State Tax Comm'n*, 124 Idaho 1, 5, 855 P.2d 462, 466 (1993). Words must be given their plain, obvious, and rational meanings. *Id.* The ordinance should be construed as a whole to give effect to the City's intent. *Id.; George W. Watkins Family v. Messenger*, 118 Idaho 537, 539, 797 P.2d 1385, 1387 (1990).

TFZC § 10–9–2(M)(4)(c) contains six provisions that require the Commission to exercise judgment in accordance with narrow and definite standards. The phrase "foreign or inharmonious element" in the ordinance is tied to language about the existing skyline and existing building heights of a neighborhood, and therefore provides a basis for reasoned judgment. The City Council's findings of fact illustrate that it was guided in its discretion by the language and context of the ordinance. The City Council found that the sign was incompatible with existing building heights and imposed a foreign and inharmonious element because:

[I]n an area where there are low level single story buildings and very few projections above the building lines, [t]he proposed sign would stand out high above the existing skyline on property with only 106 feet of frontage on Addison Avenue West.

We hold that TFZC § 10–9–2(M)(4)(c) contains sufficiently objective and definite standards to guide zoning officials in making zoning decisions, and is therefore not an unconstitutional prior restraint on commercial speech. Therefore, we reverse the judgment of the district court reversing the City Council's denial of a special use permit.

## C. The City's Denial of the Special Use Permit Was Supported by Substantial Evidence, and Was Not Arbitrary, Capricious, or an Abuse of Discretion.

The district court held that there was sufficient evidence to support the City Council's factual finding that "[t]he proposed sign will be twenty-two (22) to twenty-four (24) feet in height . . . in an area where there are low level single story buildings and very few projections above the building lines. The proposed sign would stand out high above the existing skyline. . . ." On cross-appeal, Idaho Outdoor contends that this finding was unsupported by substantial evidence. In addition, Idaho Outdoor contends that bias on the part of City Council members predisposed them to deny Idaho Outdoor's application regardless of facts in the record, and thus the City Council's permit denial was arbitrary, capricious, and an abuse of discretion.

This Court may set aside the decision of a zoning agency if the Court concludes that its findings, inferences, conclusions or decisions are not supported by substantial evidence on the record as a whole; or are arbitrary, capricious, or an abuse of discretion. I.C. § 67–5279(3)(d),(e). "Substantial and competent evidence" is "relevant evidence which a reasonable mind might accept to support a

conclusion." *Mancilla v. Greg,* 131 Idaho 685, 687, 963 P.2d 368, 370 (1998).

The record establishes substantial evidence to support the City Council's decision. Staff introduced photographs and sketches showing the area with the proposed billboard superimposed on the view. One City Council member specifically challenged an Idaho Outdoor representative about his competing visual representation of the billboard, suggesting that it was drawn to look smaller than twelve feet by twenty-four feet. Objecting that a billboard of the proposed size was out of place, a neighbor noted that Addison Avenue property owners were not allowed to put even four-foot by eight-foot signs on their own properties. Another City Council member noted that, from the photographs, the sign could be considered harmonious when looking to the east, but not when looking to the west. Although no one challenged Idaho Outdoor's assertion that a building across the street exceeded the billboard's height, City Council members were free to draw their own conclusions by looking at the photographs.

Moreover, the hearing record does not support Idaho Outdoor's charge of arbitrary and capricious action. Staff originally recommended against granting the permit, but felt that its negative character would be outweighed if the company removed two non-conforming signs several hundred yards away. The City Council agreed. On remand from the first district court proceeding, the City Council denied the permit after holding hearings and discussing the evidence. Although a few comments by City Council members indicated an antipathy against billboards, the record indicates that City Council members viewed the photographs supplied both by staff and Idaho Outdoor and applied their reasoned judgment in denying the permit.

We affirm the district court's holding that the City Council's action was not arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence.

### D. Neither Party is Entitled to Attorney Fees.

At the second district court proceeding, Idaho Outdoor requested attorney fees as the prevailing party pursuant to I.C. § 12–117. Idaho Outdoor appeals the district court's denial of fees. In addition, both the City and Idaho Outdoor argue that they are entitled to attorney fees on appeal pursuant to I.C. § 12–121 and I.A.R. 41.

Because we hold that the City lawfully denied the special use permit, Idaho Outdoor is not the prevailing party and not entitled to attorney fees under I.C. § 12–117.

This Court awards attorney fees under I.C. § 12–121 to the prevailing party only when an appeal is brought, pursued, or defended frivolously, unreasonably, or without foundation. *See Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Idaho Outdoor does not prevail on appeal and thus is not entitled to attorney fees. Because we find that Idaho Outdoor presented legitimate issues to this Court, we decline to award the City attorney fees on appeal.

### IV.

### CONCLUSION

This Court finds no error in the district court's denial of the City's request to delete documents from the record and transcript on appeal.

Twin Falls Zoning Code § 10–9–2(M)(4)(c) is not an unconstitutional prior restraint on commercial free speech; therefore, the district court's judgment setting aside the City Council's denial of the special use permit and ordering the City to issue a special use permit is reversed. We affirm the district court's ruling that substantial evidence supported the City Council's action, and affirm the denial of attorney fees to Idaho Outdoor.

Costs are awarded to the appellants.

Chief Justice TROUT, Justices SILAK, SCHROEDER, and WALTERS concur.