## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 44562

| | | |
|---|---|---|
| GREGORY HULL, | ) | |
| | ) | **Boise, December 2017 Term** |
| Plaintiff-Counterdefendant- | ) | |
| Appellant-Cross Respondent, | ) | **2018 Opinion No. 11** |
| | ) | |
| v. | ) | **Filed: January 18, 2018** |
| | ) | |
| RICHARD B. GIESLER and IDAHO TRUST | ) | Karel A. Lehrman, Clerk |
| DEEDS, LLC, | ) | |
| | ) | |
| Defendants-Counterclaimants- | ) | |
| Respondents-Cross Appellants. | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

The judgment of the district court is <u>affirmed</u>.

Gery W. Edson, Boise, and Terry Lee Johnson, Twin Falls, for appellant. Gery W. Edson argued.

Wright Brothers Law Office, PLLC, Twin Falls, for respondents. Andrew B. Wright argued.

_____

HORTON, J.

Gregory Hull appeals the decision of the district court concerning the allocation of development costs that he was required to share with Richard Giesler and Idaho Trust Deeds, LLC. This is the second appeal arising from a series of oral and written agreements between these parties to exchange and subdivide property. *See Hull v. Giesler*, 156 Idaho 765, 331 P.3d 507 (2014). As part of his challenge to the district court's apportionment of development costs, Hull claims that the district court erred by excluding testimony from his expert witness, Greg Ruddell. Both parties request an award of attorney fees on appeal. We affirm.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from the second trial between these parties relating to profit-sharing from the development of a subdivision. Hull sold his interest in the subdivision to Giesler for

1

$200,000. The first trial between the parties established that Giesler was to develop the property, Hull was obligated to reimburse him for a prorated share of the development and other costs upon the sale of each remaining lot, and that Hull was entitled to one-half of the net profits from the sale of the remaining lots.

The parties' oral agreement did not define the development costs that would be shared by the parties. Thus, in the second trial, the district court sought to identify and reasonably allocate the development costs. In the course of the trial, Hull attempted to present opinion testimony from Ruddell as to which expenditures were reasonable development costs. The district court did not permit the testimony, finding that it was neither based on specialized knowledge nor helpful to the court sitting as the finder of fact. Following the trial, the district court ordered Hull to reimburse Giesler for certain direct and indirect costs of development. Hull timely appealed.[1]

## II. STANDARD OF REVIEW

"The review of a trial court's decision after a court trial is limited to ascertaining 'whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law.' " *Griffith v. Clear Lakes Trout Co.*, 143 Idaho 733, 737, 152 P.3d 604, 608 (2007) (quoting *Idaho Forest Indus., Inc. v. Hayden Lake Watershed Improvement Dist.*, 135 Idaho 316, 319, 17 P.3d 260, 263 (2000)). This Court will affirm a trial court's findings of fact unless those findings are clearly erroneous. *Id.*; I.R.C.P. 52(a)(7). Findings of fact that are supported by substantial and competent evidence are not clearly erroneous—even in the face of conflicting evidence in the record. *Kelly v. Wagner*, 161 Idaho 906, 910, 393 P.3d 566, 570 (2017). "Substantial and competent evidence is relevant evidence which a reasonable mind might accept to support a conclusion." *Id.* (quoting *Lamar Corp. v. City of Twin Falls*, 133 Idaho 36, 42–43, 981 P.2d 1146, 1152–53 (1999). Finally, because of the trial court's special role to weigh conflicting evidence and judge the credibility of witnesses, "[t]his Court will 'liberally construe the trial court's findings of fact in favor of the judgment entered . . . .' " *Id.* (quoting *Oregon Mut. Ins. Co. v. Farm Bureau Mut. Ins. Co. of Idaho*, 148 Idaho 47, 50, 218 P.3d 391, 394 (2009)).

"A district court has broad discretion in determining whether a witness is qualified as an expert." *Weeks v. E. Idaho Health Servs.*, 143 Idaho 834, 837, 153 P.3d 1180, 1183 (2007) (citing *Warren v. Sharp*, 139 Idaho 599, 605, 83 P.3d 733, 779 (2003)). The admission of

---

[1] Giesler has withdrawn his cross-appeal.

opinion testimony, whether that of an expert or a lay witness, is a matter committed to the trial court's discretion. *Id.*; *State v. Almaraz*, 154 Idaho 584, 602, 301 P.3d 242, 260 (2011). Such decisions will only be overturned if the appellant shows an abuse of discretion. *Weeks*, 143 Idaho at 837, 153 P.3d at 1183. When this Court reviews an alleged abuse of discretion by a trial court:

> the sequence of inquiry is: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by the exercise of reason.

*Athay v. Stacey*, 142 Idaho 360, 366, 128 P.3d 897, 903 (2005).

### III. ANALYSIS

We will address Hull's claim that the district court erred when it refused to permit Ruddell to offer his opinions as to reasonable development costs before turning to the claim that the district court erred in identifying and allocating reasonable development costs.

**A. Hull has not shown that the district court's decision to disallow Ruddell's testimony was an abuse of discretion.**

As noted, Hull sought to elicit testimony from Greg Ruddell regarding the reasonableness of the development expenses which Giesler claimed. The district court did not permit Ruddell to testify, either as an expert or as a lay witness, under Idaho Rules of Evidence 701 and 702. The district court explained that, as an expert, Ruddell must provide evidence that would assist the trier of fact based upon specialized knowledge. The district court had warned Hull that if Ruddell was to testify as to how development costs should be allocated that "you're just wasting your time because that's not what an expert is here to do . . . . The issue is [] for me to decide."

To prevail on this issue, Hull must show that the district court abused its discretion by excluding Ruddell's testimony. *See Kuhn v. Coldwell Banker Landmark, Inc.*, 150 Idaho 240, 252, 245 P.3d 992, 1004 (2010); *Hansen v. Roberts*, 154 Idaho 469, 474, 299 P.3d 781, 786 (2013). Although Hull claims that the district court erred, he does not provide meaningful legal argument as to how the district court erred under our standard of review. As we observed in *State v. Kralovec*, 161 Idaho 569, 388 P.3d 583 (2017):

> when a party "does not contend that the district court failed to perceive the issue as one of discretion, that the district court failed to act within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it[,] or that the district court did not reach its decision by an exercise of reason," such a conclusory argument is "fatally deficient" to the party's case.

3

*Id.* at 575 n.2, 388 P.3d at 589 n.2 (quoting *Cummings v. Stephens*, 160 Idaho 849, 855, 380 P.3d 168, 174 (2016)). Because Hull has only presented a conclusory challenge to the district court's decision, we must affirm the district court's decision.

**B. Hull has waived his remaining issue by failing to supply the Court with citations to the record and relevant argument and authority.**

While Hull's opening brief purports to raise eleven different issues on appeal, his opening brief explicitly acknowledges that this appeal presents two fundamental issues: (1) the district court's decision regarding allocation of certain development expenses and (2) the district court's decision to disallow expert and lay testimony from Ruddell. As with his conclusory challenge to the district court's decision regarding Ruddell's testimony, Hull has failed to identify the factual basis or bases for his challenge to the district court's allocation of development expenses. Thus, Hull has waived this claim of error.

"Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (citing *Inama v. Boise Cnty. ex rel. Bd. of Comm'rs*, 138 Idaho 324, 330, 63 P.3d 450, 456 (2003)). "A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. This Court will not search the record on appeal for error." *Id.* (internal citations omitted).

Hull's brief is so lacking in references to the trial court record as to render it a general attack upon the decision of the district court. The only references to the record that Hull uses to support his contention that Giesler was improperly allowed to recoup costs are portions of the trial transcript where the district court asked questions. Hull cites these questions as evidence that the district court was confused about its role in determining which expenses were reasonable. Hull ignores the fact that after receiving answers to these questions and additional evidence at trial, the district court produced a clear, written decision regarding the allocations of these costs and his reasons therefore. The citations provided by Hull simply show that the district court asked questions during the trial—nothing more. The citations do not support Hull's argument that the district court erred in any way.

In short, Hull has done little more than assert error in the district court's findings and conclusions, leaving this Court to search the record to support his claims of error. This we will

4

not do. Therefore, we affirm the district court's decision identifying and allocating the development costs.

**C. Giesler is entitled to attorney fees on appeal under Idaho Code section 12-120(3).**

Both parties request an award of attorney fees under Idaho Code section 12-120(3) as the prevailing party in an action arising from a commercial transaction. Giesler also claims entitlement to attorney fees under Idaho Code section 12-121.

Idaho Code section 12-120(3) entitles the prevailing party in civil actions—including on appeal—arising from a commercial transaction to an award of attorney fees. *Garner v. Povey*, 151 Idaho 462, 471, 259 P.3d 608, 617 (2011). This includes "all transactions except transactions for personal or household purposes." I.C. § 12-120(3). Giesler is the prevailing party on appeal. This case arises from a profit-sharing agreement related to the development of residential housing. We have previously recognized these types of agreements as commercial transactions. *Prop. Mgmt. W., Inc. v. Hunt*, 126 Idaho 897, 900, 894 P.2d 130, 133 (1995). Thus, Giesler is entitled to an award of attorney fees on appeal under Idaho Code section 12-120(3). As Giesler is awarded attorney fees under this provision, we find it unnecessary to address whether he would also be entitled to fees under Idaho Code section 12-121.

### IV. CONCLUSION

We affirm the judgment of the district court and award attorney fees and costs on appeal to Geisler.

Chief Justice BURDICK, Justice JONES and Justices Pro Tem TROUT and WALTERS **CONCUR.**