44 P.3d 1173

**In the Matter of A Planning & Zoning Application by: William Proesch.**

**Craig WHITTED; Norman Alder and Kathy Alder, husband and wife; Robert Tucker; Jeanne Meyers; Joseph Mihan and Jody Mihan, husband and wife; Greg Miles and Shawn Miles, husband and wife, Petitioners–Appellants,**

v.

**CANYON COUNTY BOARD OF COMMISSIONERS, Respondent,**

and

**William Proesch, Intervenor–Respondent.**

No. 27505.

Supreme Court of Idaho, Boise, March 2002 Term.

March 27, 2002.

White Peterson, Nampa, for appellants. William A. Morrow argued.

David L. Young, Canyon County Prosecuting Attorney; Thomas Richard Vaughn, Deputy Prosecuting Attorney, Caldwell, argued for respondent Canyon County.

Hamilton, Michaelson & Hilty, Nampa, for Intervenor. Mark R. Hilty argued.

WALTERS, Justice.

This is an appeal from the district court's decision affirming the grant of a conditional use permit to William Proesch by the Canyon County Board of Commissioners for the subdivision of a portion of Proesch's farmland into residential lots. We also affirm the issuance of the conditional use permit.

## FACTS AND PROCEDURAL HISTORY

William Proesch applied for a conditional use permit to divide his seventy-six acre parcel of land located in an agricultural zone in Canyon County, south of the city of Melba. The land is primarily surrounded by other farms, several dairies and feedlots, although there are approximately sixty-five residences, many of which are built on small acreages, within one and a half miles of Proesch's property. Proesch sought to develop the rocky, poor farmland located on the southern portion of his property by creating residential lots ranging in size from three and one half to seven acres. He intended to continue farming on the northern fifty-two acres of the land.

Initially, Proesch sought to subdivide his land into six lots. The Canyon County Planning and Zoning Commission denied this application because it found the requested use was contrary to the existing ordinances and the county's comprehensive plan.

Proesch appealed the denial of his application to the Canyon County Board of Commissioners ("Board"). In his appeal, Proesch amended his request to divide his land into five lots, only four of which would be used for residential purposes. Following a hearing whereby Proesch, several neighboring property owners and other parties in opposition were allowed to testify, the Board reversed the decision of the Planning and Zoning Committee and granted the conditional use permit. Among the conditions imposed by the Board was to require marketing disclosures under the Right to Farm Act, I.C. § 22–4501 et seq., and restrictions in Proesch's deeds to prevent change to the character of the surrounding area.

The parties in opposition ("Appellants") to the division of Proesch's land requested judicial review of the Board's decision asserting that the Board's findings of fact were not supported by substantial, competent evidence, that the Board violated I.C. § 67–5279, that the opponents' rights had been prejudiced by the approval of the conditional use permit and that the Board's hearing procedures violated their due process rights. The district court affirmed the decision of the Board. Appellants requested reconsideration of the matter by the district court, which was denied. This appeal followed.

## ISSUES PRESENTED ON APPEAL

1. Did the Board err in granting Proesch's conditional use permit by exceeding its statutory authority or through violation of due process by failing to allow Appellants to rebut evidence presented at Proesch's hearing?

2. Did the Board err by finding that Proesch's conditional use permit application met the requirements of the Canyon County Code and other statutory provisions and was supported by substantial and competent evidence?

3. Are Appellants entitled to reversal of the Board's decision on the ground that they were prejudiced or suffered harm as a result of the conditional use permit?

### STANDARD OF REVIEW

The Idaho Administrative Procedures Act (IDAPA) governs the review of local zoning decisions. *Price v. Payette County Bd. of County Comm'rs,* 131 Idaho 426, 429, 958 P.2d 583, 586 (1998). In an

appeal from the decision of the district court acting in its appellate capacity under the IDAPA, the Supreme Court reviews the agency record independently of the district court's decision. *Stevenson v. Blaine Co.*, 134 Idaho 756, 759, 9 P.3d 1222, 1225 (2000). The Court does not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. I.C. § 67–5279(1). The Court defers to the agency's findings of fact unless they are clearly erroneous. *Stevenson*, 134 Idaho at 759, 9 P.3d at 1225. The agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by evidence in the record. *Id.*

There is a strong presumption favoring the validity of the actions of zoning boards, which includes the application and interpretation of their own zoning ordinances. *Howard v. Canyon County Bd. of Comm'rs*, 128 Idaho 479, 480, 915 P.2d 709, 711 (1996). The Court defers to the Board's interpretation and application of its zoning ordinance, unless such interpretation or application is capricious, arbitrary or discriminatory. *Rural Kootenai Organization, Inc. v. Board of Comm'rs*, 133 Idaho 833, 842, 993 P.2d 596, 605 (1999).

The Board is treated as an administrative agency for purposes of judicial review. *Stevenson*, 134 Idaho at 759, 9 P.3d at 1225. A Board's zoning decision may only be overturned where its findings: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. §§ 67–5279(3)(a)(e); *see also Payette River Property Owners Ass'n v. Board of Comm'rs of Valley County*, 132 Idaho 551, 554, 976 P.2d 477, 480 (1999). The party attacking a zoning board's action under I.C. § 67–5279(3) must first demonstrate that the zoning board erred in a manner specified in I.C. § 67–5279(3) and must then show that a substantial right of the party has been prejudiced. *Id.; see also Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998).

## DISCUSSION

### I.

Appellants assert that the Board's hearing procedures violated I.C. § 67–6534 by not providing the opportunity to the opponents to rebut evidence presented at the hearing on Proesch's application.

Idaho Code § 67–6534 provides:

The governing board shall, by ordinance or resolution, adopt procedures for the conduct of public hearings. At a minimum such hearing procedures shall provide an opportunity for all affected persons to present and rebut evidence.

The Board's procedures for hearing conditional use applications are provided in Canyon County Code 01–17–07 as follows:

Opponent and General Comments: When the applicant/appellants has concluded his or her comments, those opposing the applicant/appellant's position or having general questions shall be provided an opportunity to present testimony, documents or other evidence refuting the other evidence presented on behalf of the applicant/appellant.

The record shows that during the hearing before the Board, the Appellants appeared and presented evidence in opposition to Proesch's application following the procedures outlined in ordinance 01–17–07. Proesch was then allowed to offer supplementary evidence in response to the Appellants' presentation. The Appellants now argue on appeal that they should have been given a further opportunity under I.C. § 67–6534 to present additional evidence to rebut Proesch's response. However, the record also shows that the Appellants did not submit a request to the Board for the opportunity to present further evidence and that, therefore, the Board never denied such an opportunity to Appellants. The Appellants' objection to a lack of surrebuttal under the hearing procedure was raised for the first time on the appeal to the district court. It is well established that in order for an issue to be raised on appeal, the record must reveal an adverse ruling which forms the basis for an assignment of error. *Roberts v. Bonneville Coun-*

*ty,* 125 Idaho 588, 873 P.2d 842 (1994); *State v. Fisher,* 123 Idaho 481, 849 P.2d 942 (1993); *Dunclick, Inc. v. Utah–Idaho Concrete Pipe Co.,* 77 Idaho 499, 295 P.2d 700 (1956). Hence, issues not raised below but raised for the first time on appeal will not be considered or reviewed. *Post Falls Trailer Park v. Fredekind,* 131 Idaho 634, 962 P.2d 1018 (1998); *Schiewe v. Farwell,* 125 Idaho 46, 867 P.2d 920 (1993).

This Court holds that the Appellants did not preserve this issue before the Board but have raised it for the first time on appeal. Consequently, it will not be determined by this Court.

## II.

Appellants contend that the Board's decision is not supported by substantial, competent evidence nor is the decision in compliance with the county and state statutory provisions governing conditional use permits and land use planning.

### A. *County Regulations*

When reviewing the decisions of the Planning and Zoning Commission's decisions, Canyon County Code 07–06–05 provides the Board shall answer the following with adequate evidence:

A. Whether this Chapter permits the use by conditional use permit;

B. Reasons for the application;

C. Whether the proposed use is harmonious with and in accordance with the Comprehensive Plan;

D. Whether the proposed use will be injurious to other property in the immediate vicinity and/or will change the essential character of the area:

E. Whether adequate sewer, water and drainage facilities, and utility systems are to be provided to accommodate said use;

F. Whether measures will be taken to provide adequate access to and from subject property so that there will be no undue interference with existing or future traffic patterns;

G. Whether essential public services such as, but not limited to, school facilities, police and fire protection, emergency medical services and irrigation facilities, will be negatively impacted by such use or will require additional public funding in order to meet the needs created by the requested change;

H. Whether the proposed use is essential or desirable to the public convenience or welfare.

■ In this case, Appellants generally challenge the Board's application of nearly all of the above standards. To support their claims, they contest the findings of fact that support the conclusions made by the Board. Our standard of review, however, precludes this Court from substituting its judgment for that of the Board as to the weight of the evidence on questions of fact, and we will defer to the Board's findings of fact unless they are clearly erroneous. I.C. § 67–5279(1); *see also Stevenson,* 134 Idaho at 759, 9 P.3d at 1225. Further, there is a strong presumption favoring the validity of the Board's interpretation and application of its zoning ordinances unless such interpretation or application is capricious, arbitrary or discriminatory. *Rural Kootenai Organization, Inc.,* 133 Idaho at 842, 993 P.2d at 605.

■ The primary thrust of Appellants' arguments is that the proposed use is not harmonious with or in accordance with the county's comprehensive plan, and that the proposed use will be injurious to other property in the immediate vicinity or will change the essential character of the area.

A comprehensive plan reflects the 'desirable goals and objectives, or desirable future situations' for the land within a jurisdiction. I.C. § 67–6508. This Court has held that a comprehensive plan does not operate as legally controlling zoning law, but rather serves to guide and advise the governmental agencies responsible for making zoning decisions. The Board may, therefore, refer to the comprehensive plan as a general guide in instances involving zoning decisions such as revising or adopting a zoning ordinance.

*Urrutia v. Blaine County,* 134 Idaho 353, 357–58, 2 P.3d 738, 742–43 (2000) (citations omitted).

The Board extensively reviewed the comprehensive plan, considering both the positive and negative aspects of Proesch's proposal. Among other things, the Board found that the project fit well with pre-existing development in the area, that the land, which was sought to be divided, is least suited for agricultural purposes and that prior attempts to farm the land have been unsuccessful. The Board also found that there are many residences in the area similar to the proposal by Proesch with the high demand for this type of parcel, Proesch's proposal could help relieve the development pressure from land better suited for agricultural purposes. Further, the Board determined that the use of deed restrictions and marketing disclosures would aid in protecting the surrounding agricultural uses. In the end, the Board determined that the proposed use was harmonious and in accordance with the comprehensive plan.

The evidence further shows that the addition of four residences to the area would not require additional infrastructure, as each parcel would have its own well and septic system. Proesch had already begun to work with the highway district to accommodate the changes to the roads to accommodate the four additional residences. Additionally, none of the other public entities (highway district, school district, sheriff, irrigation district, and power and telephone utilities) objected to the proposal.

The record supports the findings of the Board. Nothing in the record shows that the Board acted arbitrarily or capriciously in arriving at the decision that the proposal was harmonious with the Canyon County comprehensive plan. In light of the presumption favoring zoning decisions by the Board, the extent to which the Board construed the applicability of the county comprehensive plan is sufficient. The interpretation and application of the comprehensive plan by the Board is not arbitrary, capricious or discriminatory. *Rural Kootenai Organization, Inc.,* 133 Idaho at 842, 993 P.2d at 605.

The Court holds that the Board's finding that Proesch's proposal was harmonious and in accordance with Canyon County's comprehensive plan was supported by substantial, competent evidence.

Appellants also argue that the agricultural nature of the surrounding land, consisting of several dairies and feedlots for cattle, will be injured by the addition of residential lots to the area and that the use will change the essential nature of the land. The Board reiterated that the lots proposed by Proesch fit well within the surrounding area and that demand for this lot size is high in Canyon County. By allowing the development, the Board opined that the development pressure on areas more conducive to agriculture would be lessened. Further, the Board noted that requiring deed restrictions and marketing disclosures would aid in preserving the agricultural nature of the surrounding area. The Board found that the proposed use will not be injurious to other property in the immediate vicinity nor will it change the essential character of the area.

The Court holds that the Board's finding that Proesch's proposed use will not be injurious to property within the immediate vicinity nor will it change the essential character of the area is supported by substantial, competent evidence.

B. *Idaho Statutes*

■ Appellants assert that the purpose of the Land Use Act was to promote agriculture and encourage urban development. In addition, Idaho Code § 67-6529 prevents regulations that deprive owners of the full and complete use of agricultural land. Further, Appellants argue that the Right to Farm Act discourages premature removal of land from agricultural uses.

"The Local Land Use Planning Act was promulgated to ensure the orderly and effective development of land to the benefit of Idaho citizens. *See* I.C. § 67–6502." *Urrutia,* 134 Idaho at 357, 2 P.3d at 742. As stated in the purpose of the Local Land Use Planning Act, the Act is "to encourage urban and urban-type development within incorporated cities" and "to ensure that the development on land is commensurate with the phys-

ical characteristics of the land." I.C. §§ 67–6502(f) and (h).

The four additional residences that will be created under Proesch's proposal do not constitute an urban development within an incorporated city. The evidence clearly shows that the land sought to be divided is the least suited for agricultural purposes and the land to be retained by Proesch is much more suitable for agricultural use. This evidence falls directly within the purposes expressed by I.C. § 67–6502(h). The Board's conclusion was not contrary to the purpose of the Local Land Use Planning Act.

Idaho Code § 67–6529 prohibits ordinances and regulations that deprive owners of the full and complete use of agricultural land for the production of any agricultural product. However, Appellants are not, in any way, being deprived of the full and complete use of their agricultural land. Although Appellants fear complaints from the new residents who may move into the area, the deed restrictions required by the Board prevent the new residents from enjoining the present agricultural uses so long as those uses are lawfully conducted.

The Right to Farm Act codified in Idaho Code Title 22, Chapter 45 seeks to reduce the loss of agricultural operations by limiting the circumstances whereby the operations may be deemed a nuisance. I.C. § 22–4501. The Act protects existing agricultural operations from being declared a nuisance so long as the operation is not improper or negligent. I.C. § 22–4503. The Act prevents the adoption of ordinances or resolutions declaring as a nuisance any agricultural operations operated in accordance with generally recognized agricultural practices. I.C. § 22–4504.

In this case, the Board acknowledged the existing dairies and feedlots surrounding Proesch's property. The Board required Proesch to include Right to Farm marketing disclosures and Right to Farm deed restrictions, thus acting in accordance with I.C. § 22–4503. Further, as the Board pointed out, no resolution or ordinance has been adopted to deem the feedlots and dairies a nuisance and therefore no violation of the Right to Farm Act has occurred.

The Court holds that the Board properly granted Proesch's application for a conditional use permit to subdivide his land for residential purposes.

## III.

The Appellants contend that the Board's decision to grant the conditional use permit must be reversed because of the potential for harm or prejudice to the Appellants in the use of their own properties as a result of the increase in the number of residences in the area. The possibility of harm or prejudice, however, is insufficient to afford the remedy of reversal. *See* I.C. § 67–6535(c). Furthermore, actual harm or prejudice is relevant only where it is shown that the Board has acted arbitrarily or capriciously in issuing a conditional permit. *Payette River Property Owners Ass'n v. Board of Comm'rs of Valley County,* 132 Idaho 551, 554, 976 P.2d 477, 480 (1999); *Castaneda v. Brighton Corp.,* 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998). Here, the Board's decision is not arbitrary or capricious and is supported by substantial, competent evidence and is in compliance with the county and state statutory provisions governing conditional use permits and land use planning.

## CONCLUSION

The Court affirms the decision of the Canyon County Board of Commissioners granting Proesch's conditional use permit. Costs on appeal are awarded to the respondents. No attorney fees on appeal are awarded.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, concur.