75 P.3d 185

In the Matter of Twin Falls County Commissoners' Resolution No.2001–4; LCO Permit for Salmon Falls Land and Livestock Co.

Bill CHISHOLM, Petitioner–Appellant,

v.

TWIN FALLS COUNTY, a political subdivision of the State of Idaho; Twin Falls County Commissioners Marvin Hempleman, Bill Brockman and Gary Grindstaff; Salmon Falls Land and Livestock Co., Permittee, Respondents.

No. 28634.

Supreme Court of Idaho,
Boise, May 2003 Term.

July 16, 2003.

Richard A. Carlson, Filer, argued for appellant.

Grant P. Loebs, Twin Falls County Prosecuting Attorney; Jennifer R. Gose–Eells, Twin Falls County Deputy Prosecuting Attorney, Twin Falls, for respondent Twin Falls County.

Robertson, Hepworth, Slette, Worst & Stover, PLLC, Twin Falls, for respondent Salmon Falls Land & Livestock Co. Timothy J. Stover argued.

WALTERS, Justice.

Bill Chisholm seeks review of the Twin Falls County's issuance of a livestock confinement operation ("LCO") permit to Salmon Falls Land and Livestock Co. ("SFLLC"). Chisholm argued that the issuance of the permit is flawed because it was issued without notice, public hearing or other opportunity for the neighbors to comment. The parties, Chisholm, SFLLC and Twin Falls County, filed cross-motions for summary judgment. Summary judgment was granted in favor of SFLLC and Twin Falls County, and the petition was dismissed. The district court found that the County Planning and Zoning Administrator ("administrator") was authorized to administratively approve LCO permits for sub-threshold livestock operations, fewer than 3,000 animal unit equivalents ("AUE"), without the necessity of a public hearing before the Planning and Zoning Commission ("Commission"). This Court affirms the dismissal.

## FACTS AND PROCEDURAL BACKGROUND

On January 10, 2000, SFLLC applied for an LCO permit for a dairy with 2,142 cows on its land located in the Agricultural Range Preservation ("ARP") zone in Twin Falls

County.[1] The Twin Falls County Zoning Administrator approved SFLLC's permit on January 14, 2000. Following the approval of the permit, SFLLC sought a water right transfer for the LCO with the Idaho Department of Water Resources, with a hearing being held on September 17, 2000; Chisholm was in attendance at this hearing.[2] SFLLC began expending funds on the dairy during the summer of 2000. On May 13, 2001, the Twin Falls County Board of Commissioners published a resolution ratifying LCO permits issued to small confined animal feeding operations by the administrator. On June 11, 2001, Chisholm filed his petition for judicial review and petition for declaratory judgment seeking cancellation of SFLLC's permit.

Motions for summary judgment were filed by each of the parties. Summary judgment was granted in favor of SFLLC and Twin Falls County, and the petition was dismissed with prejudice. The district court found that Chisholm had standing to pursue his claims, but the County was not obligated to hold a public hearing as a condition precedent to the approval of SFLLC's application because the size of SFLLC's livestock operation was less than 3,000 AUE. The district court did not address the remaining issues of exhaustion of administrative remedies, timeliness of Chisholm's claim, or the equitable defenses of quasi-estoppel, waiver, consent or laches. Chisholm appeals.

## ISSUES PRESENTED ON APPEAL

1. Does Idaho's Local Land Use Planning Act or the Twin Falls County Zoning Ordinance require that a 3,000 AUE LCO application be submitted to the Planning and Zoning Commission for review and recommendation, as well as a public hearing and notice to potentially affected neighbors and other procedural protections?

2. Should the district court have stricken Chisholm's affidavit and second affidavit?

3. Whether Chisholm had standing to contest the issuance of the LCO to SFLLC?

4. Was Chisholm's appeal timely and did he exhaust all of his administrative remedies prior to seeking judicial review?

5. Is declaratory relief appropriate?

6. Does equity dictate that Chisholm's appeal should fail?

7. Are the parties entitled to attorney fees on appeal?

## STANDARD OF REVIEW

The Idaho Administrative Procedures Act (IDAPA) governs the review of local zoning decisions. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998). In an appeal from the decision of the district court acting in its appellate capacity under the IDAPA, the Supreme Court reviews the agency record independently of the district court's decision. *Stevenson v. Blaine Co.*, 134 Idaho 756, 759, 9 P.3d 1222, 1225 (2000). The Court does not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. I.C. § 67–5279(1). Rather, this Court defers to the agency's findings of fact unless they are clearly erroneous. *Stevenson*, 134 Idaho at 759, 9 P.3d at 1225. The agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by evidence in the record. *Id.*

There is a strong presumption favoring the validity of the actions of zoning boards, which includes the application and interpretation of their own zoning ordi-

---

1. SFLLC had previously applied for an LCO permit for a dairy with 6,000 AUE on the property. The County held a public hearing on the application because of the size of the proposed dairy. The Twin Falls Planning and Zoning Commission denied the permit.

2. This was SFLLC's second attempt to obtain a water right transfer. The initial transfer was denied by IDWR because SFLLC did not yet have approval of its LCO application. After receiving approval by the administrator, SFLLC resubmitted its application, which was the subject of this hearing.

nances. *Howard v. Canyon County Bd. of Comm'rs*, 128 Idaho 479, 480, 915 P.2d 709, 711 (1996). The Court defers to the Board's interpretation and application of its zoning ordinance, unless such interpretation or application is capricious, arbitrary or discriminatory. *Rural Kootenai Organization, Inc. v. Board of Comm'rs*, 133 Idaho 833, 842, 993 P.2d 596, 605 (1999).

■ The Board is treated as an administrative agency for purposes of judicial review. *Stevenson*, 134 Idaho at 759, 9 P.3d at 1225. A Board's zoning decision may only be overturned where its findings: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. §§ 67–5279(3)(a)–(e); *see also Payette River Property Owners Ass'n v. Board of Comm'rs of Valley County*, 132 Idaho 551, 554, 976 P.2d 477, 480 (1999). The party attacking a zoning board's action under I.C. § 67–5279(3) must first demonstrate that the zoning board erred in a manner specified in I.C. § 67–5279(3) and must then show that a substantial right of the party has been prejudiced. *Id.; see also Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998).

## DISCUSSION

### I.

### Local Land Use Planning Act and the Twin Falls County Zoning Ordinance

■ Chisholm contends that the Local Land Use Planning Act ("LLUPA"), I.C. § 67–6501 *et seq.*, requires a public hearing process and other procedural protections when LCO permits are issued. Chisholm argues that, without a public hearing on SFLLC's permit, his property rights and values were threatened. Chisholm asserts that LCO permits should not be excluded from coverage by LLUPA because the LLUPA was established to provide procedural standards for land use planning and for the protection of property rights. Chisholm asserts that SFLLC's application for a permit

was controversial in that many area residents contested SFLLC's prior application, and therefore a public hearing was required. Further, Chisholm contends that at the time SFLLC applied for its permit, the Twin Falls County Zoning Ordinance ("TFCZO") did not empower the administrator to issue an LCO permit, but only authorized the administrator to review and reject applications.

In response, both SFLLC and the County argue that the County had an affirmative legal duty to grant SFLLC's permit. LLUPA requires the County to develop a comprehensive plan and zoning districts, which the County has done. The County contends that its ordinance provides for "principal permitted uses," which include LCOs in compliance with the ordinance. The County maintains that because an LCO is a "permitted use" under the County's ordinance, granting the permit is merely a ministerial duty, if the LCO application meets certain specifications. The County notes that the only LLUPA section mentioning animal feeding operations was enacted after SFLLC's permit was approved. *See* I.C. § 67–6529. Additionally, the County argues that the statute only reveals the legislative intent with regard to large-scale animal operations; the statute provides that counties/boards are to define animal operations, as the County did in this case. The County contends that in adopting the ordinances, it allowed administrative approval of small LCOs with minimal standards within the ARP zone.

Although the TFCZO does not proscribe how sub-threshold LCOs are approved, the County has interpreted its ordinance to mean that the zoning administrator has authority to approve as well as to deny applications. The County has construed its ordinance to allow the administrator to review sub-threshold LCO applications and approve the application if it meets the requirements of the ordinance. The County points out that the County Commissioners' resolution in May, 2001, further reflects this intent and interpretation of the ordinance.

■ It is well established that an applicant's rights are determined by the ordinance in existence at the time of filing an

application for the permit. *Payette River Property Owners Ass'n v. Board of Comm'rs of Valley Co.*, 132 Idaho 551, 555, 976 P.2d 477, 481 (1999) (citing *South Fork Coalition v. Board of Comm'rs*, 117 Idaho 857, 860–61, 792 P.2d 882, 885–86 (1990)). The rationale behind the rule is "that to permit retroactive application of an ordinance would allow a zoning authority to change or enact a zoning law merely to defeat an application, which would result in giving immediate effect to a future or proposed zoning ordinance before that ordinance was properly enacted." *Id.* at 555, 976 P.2d at 481 (citing *South Fork Coalition*, 117 Idaho at 861, 792 P.2d at 886).

In 2000, at the time of SFLLC's application, I.C. § 67–6529 [3] provided:

> No power granted hereby shall be construed to empower a board of county commissioners to enact any ordinance or resolution which deprives any owner of full and complete use of agricultural land for production of any agricultural product. Agricultural land shall be defined by local ordinance or resolution.

I.C. § 67–6512 establishes that zoning ordinances are to provide notice and hearing procedures for the processing of applications for special or conditional use permits. A special use permit can be granted if the proposed use is conditionally allowed by the ordinance. I.C. § 67–6512. I.C. § 67–6519 requires that the zoning ordinances establish a procedure for processing a permit required or authorized under the LLUPA in a timely manner. The LLUPA, however, does not mention LCOs.

The TFCZO, at section 8–6A–2, provides that an LCO is a "principal permitted use" for land located within the ARP zone. SFLLC's property is located in the ARP

zone. TFCZO Livestock Confinement Operations are defined in Chapter 6, Article C of the TFCZO. The ordinance, TFCZO 8–6C–2(B), provides that owners must file an application for an LCO permit with the administrator on a form prescribed by the Commission, and details the minimum requirements for a permit. The administrator may request additional information from the applicant if needed. The administrator is responsible for reviewing all applications to determine the qualifications of the applicant and for denying the application and recommending the appropriate action to be taken by the applicant if an applicant does not qualify. TFCZO 8–3–1(C)(10). The ordinance also lists restrictions that may be placed upon new and expanding LCOs. TFCZO 8–6C–2(D). One of the relevant restrictions is that the Commission is to review permits for LCOs in the ARP zone in excess of 3,000 AUE. TFCZO 8–6C–2(D)(1)(a). Another restriction is that the applicant is to give notices to any property owners within one mile of the proposed location so that written comments from those property owners may be accepted and considered by the Commission. TFCZO 8–6C–2(D)(1)(d).

LLUPA empowers counties to enact zoning ordinances, which Twin Falls County has done. LLUPA requires that a procedure be established for permits required or authorized by the Act, including special and conditional use permits. I.C. §§ 67–6512, –6519. Before a final decision is rendered by the Commission, notice and a hearing are required. I.C. § 67–6519. In this case, the County has specified that an LCO is a "principal permitted use" within the ARP zone, in which SFLLC's land is located. TFCZO 8–

---

**3.** Idaho Code § 67–6529 has been amended twice since the filing of SFLLC's application. The initial amendment, in April 2000, allowed the board of commissioners to "enact ordinances and resolutions to regulate the siting of large confined animal feeding operations and facilities, as they shall be defined by the board, including the approval or rejection of sites for operations and facilities." The amendment also required the board of commissioners to hold at least one public hearing affording the public the opportunity to comment.

The second amendment, effective July 1, 2003, requires board of commissioners to enact ordinances relating to large confined animal feeding operations and facilities, provided that the definition of the operation is not less restrictive than provided by I.C. § 67–6529C. In other words, the board must enact an ordinance for the approval or rejection of all operations over 1,000 AUE. In addition, the amendment requires that at a minimum the ordinance must provide for at least one public hearing before the board of commissioners allowing the public to comment before the siting of such a facility.

6A–2. The ordinance further specifies other uses that are deemed conditional within that zone. TFCZO 8–6A–3. An LCO is not a special or conditional use that requires a specified application procedure under LLUPA, including notice and hearing before the Commission.

The TFCZO does not expressly allow or proscribe the administrator from granting LCO permits. The ordinance explicitly allows the administrator to review applications and deny them and does not address the administrator's authority to approve applications. TFCZO 8–3–1(C)(10). The County has interpreted its ordinance, however, and established that sub-threshold LCO applications are to be submitted to the administrator, which reviews the applications and, if the requirements are met, approves the application. The County has affirmed its interpretation by passing a resolution ratifying all sub-threshold LCO permits issued by the zoning administrator.

Because there is a strong presumption favoring the validity of the actions of zoning boards, which includes the application and interpretation of their own zoning ordinances, this Court defers to the County's interpretation. *Howard v. Canyon County Bd. of Comm'rs*, 128 Idaho 479, 480, 915 P.2d 709, 711 (1996). The interpretation of its ordinance by the Twin Falls County Commissioners is not capricious, arbitrary or discriminatory. *Rural Kootenai Org., Inc. v. Board of Comm'rs*, 133 Idaho 833, 842, 993 P.2d 596, 605 (1999).

This Court holds that neither the applicable provisions of LLUPA nor the TFCZO require a notice and hearing before the Commission for sub-threshold LCO permits in Twin Falls County. The County's interpretation of its ordinance allowing the administrator to approve sub-threshold LCO permits is reasonable and is not capricious, arbitrary or discretionary.

This Court concludes that SFLLC's permit was properly issued by the zoning administrator under the TFCZO without a notice or hearing before the Commission. With this conclusion, the Court holds that there was no jurisdiction for the district court to review Chisholm's case. As no notice before the

issuance of a permit is required, Chisholm had no basis to petition the court for judicial review to address the question of lack of notice. Further, Chisholm is not entitled to declaratory judgment relief because he is not challenging the ratification of SFLLC's permit by the Board of County Commissioners. This Court need not address the remaining issues, concerning Chisholm's affidavit, standing, timeliness, exhaustion of administrative remedies and equitable remedies.

## II.

### Attorney Fees

SFLLC contends that it is entitled to attorney fees on appeal pursuant to I.C. § 12–121 as it has been subjected to an unfair and unjustified financial burden in defending against Chisholm's petition. The County likewise requests an award of attorney fees on appeal because Chisholm failed to exhaust his administrative remedies, failed to file a petition for judicial review within the prescribed time limits and failed to promptly pursue his claims.

Chisholm maintains that this appeal is not frivolous and is based, in part, on the decision issued by another judge of the same judicial district interpreting some of the same provisions of the TFCZO. Chisholm requests the Court not to award attorney fees to either of the Respondents.

Idaho Code § 12–121 provides for the award of reasonable attorney fees to the prevailing party. Although the Respondents are the prevailing parties, the statutory power is discretionary, and attorney fees are not awarded as a matter of right. Ordinarily, attorney fees will not be awarded where the losing party brought the appeal in good faith and where a genuine issue of law was presented. This case involved review of the application and interpretation of a county ordinance by the adopting county. We are not left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078, (1979). Applying these considerations to the case at bar, this

Court declines to award attorney fees on appeal to Respondents.

## CONCLUSION

This Court concludes that Chisholm's case was properly dismissed because the district court lacked jurisdiction to review issuance of SFLLC's permit. Neither the LLUPA nor the TFCZO required notice or hearing before the Commission for a permitted use under the County's ordinance. No attorney fees are awarded on appeal. Costs are awarded to the Respondents.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL AND EISMANN concur.