136 P.3d 332 (2006)
142 Idaho 861
MOUNTAINVIEW LANDOWNERS CO-OPERATIVE ASSOCIATION, INC., a non-profit corporation, Plaintiff-Counterdefendant-Respondent, and
Donald N. Nepean and Haleen Nepean, husband and wife, Plaintiffs,
v.
Dr. James COOL, D.D.S., and Synthia Cool, husband and wife, Defendants-Counterclaimants-Appellants.
No. 31185.
Supreme Court of Idaho, Coeur d'Alene, April 2006 Term.
May 3, 2006.
*333 Preston, Gates & Ellis, Coeur d'Alene, for appellants. Todd Reuter argued.
William F. Boyd, Coeur d'Alene, for respondents. William F. Boyd argued.
BURDICK, Justice.
Dr. James and Synthia Cool (the Cools) appeal to the Idaho Supreme Court from a district court judgment setting out how members of the Mountain View Landowners Cooperative Association, Inc. (the Association) may use a beach (the beach) on land owned by the Cools.

I. FACTUAL AND PROCEDURAL BACKGROUND
The properties held by the Cools and the members of the Association were once part of a single tract of land on the shore of Priest Lake called the "Mountain View Addition." The land, containing a store, rental cabins, a boat launch and beach access, was operated as a private resort until it was subdivided in 1958 and sold off in pieces to serve as recreational home sites. The owners of those subdivided properties now form the Association, *334 an Idaho non-profit corporation. Except for the property now owned by the Cools, the lots subdivided from the original tract do not contain beachfront property. Instead, those buyers were granted easements to use the beach now owned by the Cools. The easements are described in the Association members' property deeds as follows: "[a] perpetual easement is granted to the grantees, their heirs and assigns, for the use of the beach adjoining said Mountain View Addition, such use is to be common with the other owners in said Mountain View Addition, and for boating and bathing purposes only . . . ." (emphasis added).
Many years later, a dispute arose between the Cools' predecessors in interest, Jack and Pauline Powers (the Powers), and the Association regarding the Association's members' use of the beach. That dispute was resolved in 1988 when the Powers and the Association entered into and recorded a "Private Property Use Agreement" (the Use Agreement) setting out the Association members' easement rights and settling several ancillary issues such as parking, boat launch fees, and boat moorage. The Use Agreement describes the Association members' easement in language similar to that used in the members' deeds; it provides that "[l]andowners shall have use of the beach area located north of the existing boat moorage facility for swimming and boating only without any fee or assessment." (Emphasis added).
The Cools purchased the beachfront property in 1998, and they too quarreled with the Association regarding the easement. Eventually the Cools attempted to restrict the Association's members' use of the beach, leading the Association to bring suit in district court. The district court examined the term "swimming" as it was employed in the Use Agreement and concluded that in that context the term was ambiguous. A bench trial was conducted to take evidence regarding the intent of the parties to the Use Agreement, following which the district court ruled the word "swimming" in that document was intended to include a range of swimming related activities including picnics, sunbathing, and gatherings for relaxation and social interaction. The Cools appealed to the Idaho Supreme Court, which ruled in Mountainview Landowners Coop. Ass'n, Inc., v. Cool, 139 Idaho 770, 774, 86 P.3d 484, 488 (2004), (Mountainview I) that the district court's interpretation of what the parties to the Use Agreement meant in using the word "swimming" was overly broad. The Supreme Court remanded for redefinition of the term in accordance with that opinion. Id. On remand the district court amended its earlier judgment so that it no longer permitted picnics, relaxation or social gatherings as swimming related activities preserved by the Use Agreement. However, relying on language from this Court's Mountainview I decision the district court in its amended judgment[1] retained "sunbathing" as a permitted activity under the Use Agreement and added "lifeguarding."
The case returns to this Court on the Cools' appeal from the district court's amended judgment.

II. ANALYSIS
In this second appeal the Cools contend the district court erred in its determination that the Use Agreement permits Association members to act as lifeguards and to sunbathe on the Cools' beach. The Cools urge this Court to prevent Association members from using the beach for any activities except those done in the water or for ingress and egress to and from the water. Additionally, the Cools argue the district court erred in granting members of the Association the right to determine whether to pay boat launch fees on a daily basis or on an annual basis. The Cools assert that whether daily or annual fees are assessed is their choice, not that of members of the Association. In considering these questions we first turn to the scope of the term "swimming" as employed in the Use Agreement.

*335 A. The Scope Of The Word "Swimming" As Employed In The Use Agreement
The scope of the Association members' easement over the Cools' beach is governed by the terms of the 1988 Use Agreement between the Association and the Powers, the Cools' predecessors in interest. That agreement grants the Association's members an easement over the beach "for swimming and boating. . . ." At issue here is the scope of the word "swimming" as understood by the original parties to the Use Agreement.[2]
In its initial decision the district court determined that the term "swimming" as it appears in the Use Agreement was ambiguous, and this Court upheld that determination on appeal. Id. (stating "[w]e hold that swimming is an ambiguous term as used in this context"). As stated, the district court held "that use of the beach for swimming and boating does contemplate picnics, sunbathing, and gatherings on the beach for relaxation and social interaction."
Reviewing the district court's decision, this Court in Mountainview I determined the district court's interpretation of what the drafters of the Use Agreement intended by the word "swimming" was overly broad. 139 Idaho at 774, 86 P.3d at 488. "Picnics and gatherings for relaxation and social interaction," ruled the Court, "would not under any stretch be swimming." Id. This Court then remanded the case back to the district court, instructing the lower court to "define the term `swimming' in accordance with this [Court's] opinion." Id.
On remand, the district court defined the Association member's swimming easement in a more limited fashion. The district court ruled they are entitled to use the beach area for "swimming, which is propelling themselves through the water, playing in the water, and diving; life-guarding of those who are participating in swimming; and sunbathing while wearing attire suitable for swimming."
In the present appeal the Cools argue the district court ignored this Court's instructions to exclude from its definition of swimming any activities that are not done in the water, excepting only crossing the beach when entering or exiting the water. Specifically, the Cools object that the district court's amended judgment permits members of the Association to sunbathe or act as lifeguards to their children while remaining on the beach. Doing so, assert the Cools, is in contradiction of this Court's prior decision and could result in Association members using the resulting loopholes to remain for hours on the Cools' beach engaging in prohibited activities such as relaxing and socializing. The Cools maintain that if members of the Association wish to sunbathe or act as lifeguards they can do so from the adjacent public beach. Additionally, the Cools assert the district court improperly adopted language suggested by the Association in the court's amended judgment. Finally, the Cools argue the district court erred in failing to engage in additional fact finding on remand.
The Cools' arguments are unpersuasive because in this instance the district court closely and accurately followed its instructions on remand. Although the Cools fault the district court for declining to engage in additional fact finding, this Court did not direct the district court to do so. Indeed, this Court in Mountainview I expressly stated that the record already contained the necessary evidence to define the meaning of "swimming" under the Use Agreement. 139 Idaho at 774, 86 P.3d at 488 ("[t]he record contains substantial and competent evidence to define the term `swimming'"). Rather than requiring additional fact finding, this Court simply instructed the district court to "define the term `swimming' in accordance with this opinion." Id. (emphasis added).
Following those instructions, each of the activities the district court named in the amended judgment as coming within the definition *336 of "swimming" was endorsed in this Court's decision in Mountainview I. With respect to sunbathing, this Court wrote that "[s]unbathing, at least while wearing swimming attire, may be considered swimming." Id. The district court incorporated that reasoning into its amended judgment, permitting "sunbathing while wearing attire suitable for swimming." The Cools seize on this Court's use of the word "may" in the phrase "may be considered swimming" to argue that this Court meant only to suggest the district court explore the issue of sunbathing rather than commanding the lower court to reach any specific conclusion. Indeed, read in context it does not appear this Court was mandating the district court permit sunbathing. See id. However, it is equally apparent this Court considered sunbathing to be an activity the district court could sensibly include as a swimming-related activity preserved to Association members by the Use Agreement. See id. The district court did so, and consequently what remains is the question of whether there was substantial and competent evidence for that finding. Id. at 772, 86 P.3d at 486.
"The conduct of the parties to a contract and their practical interpretation of it is an important factor when there is a dispute over its meaning." Commercial Credit Corp. v. S & E Enters., Inc., 97 Idaho 441, 443, 546 P.2d 396, 398 (1976); Weilmunster v. Weilmunster, 124 Idaho 227, 235, 858 P.2d 766, 774 (App.1993); see also Mountainview I, 139 Idaho at 773, 86 P.3d at 487 (stating that an instrument granting an easement is to be interpreted in light of the "circumstances in existence at the time the easement was granted and utilized"). The Cools take issue with the evidence of sunbathing, but we note that there was testimony from two witnesses that it has been customary for Association members to sunbathe in the beach area, and that this testimony was buttressed by photographic evidence. The testimony and other evidence offered at trial in this case provided ample support for the district court's finding that sunbathing was a swimming-related activity the parties to the Use Agreement intended to come within the scope of "swimming."
With respect to "lifeguarding," this Court wrote in Mountainview I that "[a]dopting the [Cools'] strict definition of swimming could lead to illogical results. Parents would be unable to lifeguard their swimming children because they themselves were not `propelling themselves through the water.'" 139 Idaho at 773, 86 P.3d at 487. In accordance with that language, the district court in its amended judgment on remand added "lifeguarding of those who are participating in swimming" to the scope of "swimming" under the Use Agreement. On appeal the Cools object to the inclusion of lifeguarding as a permitted activity. They argue that this Court in Mountainview I did not intend to direct the district court to include "lifeguarding" as a permissible activity under the Use Agreement.
That preventing parents from using the beach area to lifeguard their swimming children or other adults was "illogical" served as the basis of this Court's rejection of the strict definition of "swimming" employed by the Cools in their first appeal.[3]Id. In stating that preventing parents from serving as lifeguards on the Cools' beach would be "illogical," this Court unmistakably signaled its disapproval of such a result. See id. It should be recalled that this Court's instructions on remand were "to define the term `swimming' in accordance with this opinion." Id. at 774, 86 P.3d at 488. The district court's inclusion of "lifeguarding" within the scope of the Use Agreement was not error because such a result was mandated by this Court's opinion in Mountainview I.
The Cools next contend that members of the Association should not be allowed to cross over the Cools' beach on their way to the adjacent public beach. Using the beach as a trail does not involve "swimming," according to the Cools, and therefore the Use Agreement does not allow for it. In response *337 the Association points out that the Cools could have but did not raise the issue until this case was before the district court following the first appeal. At that point the district court declined to consider it, reasoning that it fell outside the district court's scope of authority on remand. In this appeal the Cools maintain that although the issue was not raised below with specificity, the matter of whether Association members may traverse the Cools' beach comes within the broader issue of the scope of the easement, which, in turn, depends on the definition of "swimming" that was the subject of remand.[4]
"Issues not raised below but raised for the first time on appeal will not be considered or reviewed." Whitted v. Canyon County Bd. of Comm'rs, 137 Idaho 118, 122, 44 P.3d 1173, 1177 (2002). However, "[t]he general rule is that, on remand, a trial court has authority to take actions it is specifically directed to take, or those which are subsidiary to the actions directed by the appellate court." State v. Hosey, 134 Idaho 883, 886, 11 P.3d 1101, 1104 (2000).
This Court determines that the Association members' use of the Cools' beach as a pathway does not present a subsidiary question to the definition of "swimming," and therefore the district court's ruling that it fell outside that court's authority on remand was correct. We decline to consider the question as it was not properly raised in the trial court nor upon appeal.[5]Whitted, 137 Idaho at 122, 44 P.3d at 1177.

B. Boat Launch Fees
The Cools argue the district court erred in failing to give them, rather than the Association's members, the right to determine whether boat launch fees would be paid on a daily basis or an annual basis. The issue of how boat launch fees would be assessed was not an issue in the first appeal, although the Cools did raise the issue of how automobile parking fees were to be assessed.
The reason the issue of boat launch fees cannot be considered on this second appeal is because the Cools failed to raise it with the district court or on remand. "The central function of the appeals process is the correction of error." Dominguez v. Evergreen Res., Inc., 142 Idaho 7, 14, 121 P.3d 938, 945 (2005). "It is well established that in order for an issue to be raised on appeal, the record must reveal an adverse ruling which forms the basis for an assignment of error." Whitted, 137 Idaho at 121, 44 P.3d at 1176.
In this case, even though the issue of launch fees was mentioned by this Court in Mountainview I the Cools never asked the district court to amend its judgment on that point. As a result, the Cools never invoked an adverse ruling on the question that could form the basis for an assignment of error on appeal. We therefore find no error by the district court on a question it was never asked to consider.

C. Attorney Fees
Both parties request an award of attorney fees pursuant to a provision in the Use Agreement providing that "[i]n the event that litigation is commenced to enforce any term or condition of this agreement, the prevailing party shall be entitled to costs and reasonable attorneys fees as determined by the court." Contract provisions for attorney's *338 fees are generally enforced. Opportunity, L.L.C. v. Ossewarde, 136 Idaho 602, 610, 38 P.3d 1258, 1266 (2002). The Association has prevailed on all issues, and the Court awards attorney fees and costs to them.

III. CONCLUSION
The district court's decision on remand is affirmed. Costs and reasonable attorney fees on appeal are awarded to the Respondent.
Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES concur.
NOTES
[1] The "amended judgment" referred to in this opinion is a document dated August 20, 2004 and entitled "Second Amended Judgment."
[2] The question is not what "swimming" means as a matter of law, but rather the factual matter of what activities the parties to the 1988 Use Agreement at issue in this case intended to be covered by the term. See Mountainview I, 139 Idaho at 774, 86 P.3d at 488. In other words, it is not a question of "what does `swimming' mean," but rather "what did the parties to this agreement intend `swimming' to mean when they entered into the contract?"
[3] At that time the Cools maintained that "swimming" meant only "to propel oneself through water." Mountainview I, 139 Idaho at 773, 86 P.3d at 487. In this second appeal the Cools define "swimming" for the purpose of the Use Agreement as activities done in the water, or ingress or egress from the water.
[4] The Cools also insist that they properly raised the question at issue on appeal in accordance with I.A.R. 35(a)(4). Even if that is so, however, the concern here is not whether the issue of Association members traversing the beach on the way elsewhere was properly raised and listed on appeal, but whether the matter had been raised below so that it may be considered on appeal.
[5] The Cools also assert it was error for the district court to adopt the Association's proposed language into the amended judgment and cite to cases critical of the practice of adopting verbatim a party's proposed findings of fact and conclusions of law. Although we have cautioned trial courts against that practice, doing so does not constitute reversible error unless the findings reached are clearly erroneous. Fox v. Mountain W. Elec., Inc., 137 Idaho 703, 707, 52 P.3d 848, 852 (2002). In this case, however, the district court did not adopt findings of fact or conclusions of law proposed by the Association. Instead, on remand both parties submitted proposed language to modify the original judgment and the district court chose that presented by the Association. The Cools have not explained how doing so was error.